## S. J. ECKLER v. A. P. TAYLOR, ET AL.

lAbstract Kentucky Law Reporter, Vol. 1—58.]

**Sale of Personal Property.**

So long as anything remains to be done by the seller, either to fit the things proposed to be sold for delivery or to put it in a different form or state in which it is to be delivered, the title will remain with the seller.

**Creation of Lien.**

A contract of sale does not create a lien, but if it be a valid con‐tract its breach might be compensated in damages.

### APPEAL FROM HARRISON CIRCUIT COURT.

May 27, 1880.

OPINION BY JUDGE COFER:

The contract of 1874 was ineffectual to create a valid lien on a crop raised on the land in 1877. When the contract was made the tobacco had not even a potential existence, and it could not therefore be the subject of a contract.

The contract of 1877 was a mere executory agreement to sell, and not a sale, and did not pass the title to the tobacco. The tobacco was then on the sticks in the barn and was to be stripped and de‐livered by Lizer. It is well settled that so long as anything remains to be done by the seller, either to fit the things proposed to be sold for delivery or to put it in a different form or state in which it is to be delivered, the title will remain with the seller.

Nor did that contract create a lien. It was intended to evidence an agreement to sell, and the parties further stipulated that certain advances made and to be made should "be paid back to said Eckler out of the proceeds" of the tobacco, but this did not create a lien. It was a valid agreement, but, like the agreement to sell, could not be specifically enforced, the only remedy for a breach being an action for damages; and consequently notice to the appellee cannot affect him, as the creditor of Lizer. The only notice that he had was that Lizer had agreed to sell the tobacco to the appellant, and that he might retain his debts against Lizer out of the price or the proceeds of the sale if Lizer should elect to have it sold for his account, in‐stead of allowing the appellant to take it at six cents per pound.

It results, therefore, that the rights of the appellant were not

39

prejudiced by the rulings of the court and the judgment must be *affirmed.*

*J. L. Ward, C. W. West, for appellant.*

*S. M. Martin, A. H. Ward, for appellees.*

---

May 27, 1880.

OPINION BY JUDGE COFER:

*F. M. Webster, for appellant.*

*F. M. Webster, for appellants.  W. H. Mackay, for appellee.*